**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TAMMY GUZMAN;** | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | **CIVIL CASE NO. _____** |
| | § | |
| **UNITED STATES OF AMERICA;** | § | |
| **Defendant.** | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE COURT:**

Comes Now, Tammy Guzman ("Plaintiff"), and files this Original Petition complaining of and against United States of America ("Defendant"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 3 of Texas Rule of Civil Procedure 190.4.

### II. PARTIES

1.   Plaintiff Tammy Guzman is a resident of Brazoria County, Texas.

**2.**   Defendant United States of America owns the vehicle that was driven by one of its employees. Defendant United States of America may be served with process via certified mail at - - United States Attorney's Office; Alamdar S. Hamdani at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002 and via email USATXS.CivilNotice@usdoj.gov. Service on Defendant is

hereby requested at this time.

### III. NOTICE

3.      On or about July 17, 2024, Plaintiff provided notice to Defendant United States of America of the claims herein sued upon by submitting a Standard Form 95 by Certified Mail Express Delivery to the United States by serving the United States Postal Service –Houston District Tort Claims office.  Said notice was received by the United States on or about August 5, 2024, and receipt of same has been acknowledged.  Pursuant to the Federal Tort Claims Act, Plaintiff files this suit after the expiration of six months of receipt of Plaintiff's notice and within the two years after the incident that makes the basis occurred.

### IV. JURISDICTION AND VENUE

4.      This Court has jurisdiction in this case pursuant to the Federal Tort Claims Act, Title 28, U.S.C. 2674 because the United States of America is a Defendant herein.

5.      Plaintiff's damages are in excess of the minimum jurisdictional limits of the Court.

6.      Venue of this case is proper in the Houston Division of the Southern District of Texas because the incident made the basis of this suit occurred in Harris County, Texas, located within the boundaries of the Houston Division of the Southern District of Texas.

### V. FACTUAL BACKGROUND

7.      The collision occurred on July 16, 2024, in Harris County, Texas.

8.      Defendant's employee, Willie Walker, was operating a 2020 Peterbilt while in the course and scope of his employment with Defendant United States of America.

9.      Plaintiff Tammy Guzman was the driver of a 2019 Honda CR-V traveling eastbound in the 9300 block of S. Houston Parkway service road. Defendant's employee switched lanes unsafely striking Plaintiff's vehicle.

10. As a result of the collision, Plaintiff sustained bodily injuries and damages.

## VI. CAUSES OF ACTION

11. Plaintiff incorporates each and every allegation set forth in paragraph 7 – 10 as if set forth fully herein.

12. At the time of the incident in question, Defendant's driver was operating his vehicle negligently.  Specifically, Defendant's driver had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.  Mr. Walker breached that duty in one or more of the following respects:

A. In switching lanes unsafely;

B. In being attentive;

C. In failing to keep a proper lookout;

D. In failing to timely apply his brakes;

E. In failing to take proper evasive action;

F. In failing to keep said vehicle under reasonable and proper control; and

G. In failing to obey the statutes of the State of Texas, Federal Motor Carrier Safety Regulations and the Official MTO Truck Handbook as they pertain to the operation of a commercial motor vehicle.

H.

13. Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII. DAMAGES

14. Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

15. Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish, physical impairment and disfigurement, and in reasonable probability, will continue to suffer physical pain, mental anguish, physical impairment and disfigurement into the future.

16. The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

17. As a direct and proximate result of the injuries, Plaintiff has a loss of wages in the past and future. To compensate for this loss, she seeks recovery of past and future lost wages.

18. As a proximate result of Defendant's negligence in causing the collision, Plaintiff's vehicle was heavily damaged. Plaintiff hereby makes her claim for:

   a.   The cost of repair to the vehicle;

   b.   The diminished value of the vehicle; and

   c.   The loss of use of the vehicle.

or, in the alternative, the fair market value of the vehicle, plus the loss of its use.

19. Alternatively, if it is shown that Plaintiff prior to the occurrence had pre-existing medical, physical and/or psychological conditions, she has sustained aggravation of such pre-existing medical, physical and/or psychological conditions. More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating.

20. The occurrence and conduct of Defendant, by and through its employees, has aggravated

and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries. Further, as a consequence of Plaintiff's injuries caused by Defendant, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. She also has sustained additional mental anguish because of this increased vulnerability, which in reasonable probability she will experience for the remainder of her life.

## VIII. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

LAW OFFICES OF DOMINGO GARCIA, L.L.P.

12929 Gulf Freeway
Houston, Texas 77034
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

*/s/ Ebony Parks*
EBONY PARKS
State Bar No.: 24056857
Federal Bar 3761830
State Bar 24056857
eparks@millerweisbrod.com
**ATTORNEY FOR PLAINTIFF**